LISA SCOLARI
Attorney at Law
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
scolarilaw@gmail.com
(212) 227-8899

August 14, 2023

Hon. Edgardo Ramos
United States District Court
40 Foley Square
New York, N.Y. 10007
*via ECF*

Re: *United States v. Jonathan Ghertler,*
23 Cr. 100 (ER)

Your Honor:

     Jonathan Ghertler is currently scheduled for sentencing on August 16, 2023. This letter is respectfully submitted as a supplement to Mr. Ghertler's sentencing submission in order to raise an additional ground for the Court to consider in varying downward from the plea agreement's advisory guideline range of 92-115 months.

     Mr. Ghertler's guideline range comprises a criminal history score of 8, which put him in Criminal History Category IV. Two of those points are "status" points assessed because Mr. Ghertler was on supervised release at the time he engaged in the instant conduct. U.S.S.G. §4A1.1(d) However, an amendment to that section of the guidelines due to go into effect on November 1, 2023, eliminates status points for those who have six or fewer criminal history points. (Exhibit A)[1] Apart from the two status points, Mr. Ghertler has six points and thus qualifies for the elimination of those points. Without the status points, Mr. Ghertler's CH category score drops from IV to III and, at an adjusted base offense level of 26, his range goes down to 78-97months.

     While the guideline amendments will not be effective until November 1, 2023 the Court can consider the intent of the Sentencing Guideline Commission and sentence Mr. Ghertler as if the guideline amendments were in effect. In deciding to eliminate the status points, the Commission considered two studies. One noted that the majority of offenders who were assessed status points were pushed into a higher criminal history category (CHC). That is true of Mr. Ghertler's CHC. A second study found that while criminal history points were strongly associated with the likelihood of recidivism, status points added little predictive value to one's criminal history score. (Exhibit B)

---

[1] The full text of the amendments can be found at
https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023

If Congress does not act to preclude guideline amendments they automatically go into effect. The only time that Congress blocked an amended guideline was the 1995 rejection of an amendment to the crack guideline. It is highly likely that the current amendments will become permanent.

There is substantial authority supporting the Court's ability to sentence Mr. Ghertler as if the status point amendment were already in effect.[2]  At least two Courts in this district have imposed sentences in which they have applied the pending "zero point" guideline amendment. *United States v. Fowler*,  19 Cr. 254 (ALC) and *United States v. Hijazi*,  21 Cr. 183 (GHW). In an E.D.N.Y. case, in a publically filed 5K letter,  the government suggested that the court could consider a downward variance based on the same pending guideline. *United States v. Trunz*, 19 Cr. 375 (WFK).[3]

### *Conclusion*

The defense respectfully requests that the Court vary downward one CH category from CH IV to CH III and correlatively from Mr. Ghertler's current discretionary guideline of 92-115 months, to the resulting 78-97 month range in  accordance with the pending guideline. We further request that the Court vary downward further from the 78-97 month range based on the factors described in Mr. Ghertler's original sentencing submission.

Respectfully,

*Lisa Scolari*

Lisa Scolari

---

[2] *United States v. McMillan*, 863 F.3d 1053, 1058 (8th Cir.2017) ("Although district courts are required to apply the guidelines in effect on the date of sentencing, they may consider pending amendments to the guidelines"); *United States v. Ruiz-Apolonio*, 657 F.3d 907, 917 (9th Cir. 2011) ("A sentencing court, of course, has the discretion to grant a variance from the Guidelines after promulgation but before adoption of a proposed amendment"); *United States v. Lua-Guizar*, 656 F.3d 563, 567 (7th Cir. 2011) ("the court could have considered the pending amendment");*United States v. Miranda- Garcia*, 417 Fed. Appx. 895, 897 (11th Cir. 2011) (variance based on pending amendments to the U.S. Sentencing Guidelines is "discretionary")*;United States v. Myers*, 854 F.3d 341, 358 (6th Cir. 2017)("precedents allow consideration of a pending Guidelines amendment");*United States v. Cordero*, 609 F. App'x 73, 76-77 (3d Cir. 2015) (noting that district court granted a 2-level reduction to reflect pending Guidelines amendment);  (district courts may consider a pending Guidelines amendment). *United States v. Frierson*, 308 Fed. Appx. 298, 302-3 (10th Cir. 2007) departure of 15 months in light of pending amendment to Guidelines).

[3] "[T]he Court may wish to consider a downward variance from this range based on a newly approved amendment to the Guidelines, which will take effect on November 1, 2023, unless it is rejected by Congress. More specifically, the proposed U.S.S.G. § 4C1.1 provides for a 2-level decrease in a defendant's offense level for so-called "zero-point offenders," that is, defendants who have zero criminal history points and meet nine other criteria. Mr. Trunz meets all of these criteria."