distribute it to another person. Most commenters, including the Department of Justice, supported this change. *See* Letter from Jonathan J. Wroblewski, Dir., Crim. Div., U.S. Dep't of Just., to Hon. Carlton W. Reeves, Chair, U.S. Sent'g Comm'n (Feb. 27, 2023), *in* U.S. SENT'G COMM'N, 2022–2023 AMENDMENT CYCLE PROPOSED AMENDMENTS/PUBLIC COMMENT (2023); *see also* U.S. SENT'G COMM'N, 2022–2023 AMENDMENT CYCLE PROPOSED AMENDMENTS/PUBLIC COMMENT (2023) (providing numerous public comment supporting the amendment).

The Commission also relied upon its recently published report on the impact of simple possession of marihuana offenses on sentencing. *See* U.S. SENT'G COMM'N, WEIGHING THE IMPACT OF SIMPLE POSSESSION OF MARIJUANA: TRENDS AND SENTENCING IN THE FEDERAL SYSTEM (2023), available at https://www.ussc.gov/research/research-reports/weighing-impact-simple-possession-marijuana. In that study, the Commission found that 4,405 federal offenders (8.0%) received criminal history points under the federal sentencing guidelines for prior marihuana possession sentences in fiscal year 2021. Most such prior sentences were for state court convictions resulting in less than 60 days in prison or non-custodial sentences. The Commission also found informative that ten percent (10.2%) of these 4,405 offenders had no other criminal history points, and that for 40 percent (40.1%) of the 4,405 offenders (1,765), the criminal history points for prior marihuana possession sentences resulted in a higher Criminal History Category.

**Amendment:**

**Part A (Status Points under §4A1.1)**

### §2P1.1.   Escape, Instigating or Assisting Escape

*   *   *

**Commentary**

*   *   *

**Application Notes:**

*   *   *

5.  Criminal history points under Chapter Four, Part A (Criminal History) are to be determined independently of the application of this guideline. For example, in the case of a defendant serving a one-year sentence of imprisonment at the time of the escape, criminal history points from §4A1.1(b) (for the sentence being served at the time of the escape) and §4A1.1(~~d~~e) (custody status) would be applicable.

*   *   *

### §4A1.1.   Criminal History Category

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

    (a)   Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

    (b)   Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

    (c)   Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this subsection.

    (d)   ~~Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.~~

    (~~e~~d)   Add **1** point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of **3** points for this subsection.

    (e)   Add **1** point if the defendant (1) receives **7** or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

### Commentary

The total criminal history points from §4A1.1 determine the criminal history category (I–VI) in the Sentencing Table in Chapter Five, Part A. The definitions and instructions in §4A1.2 govern the computation of the criminal history points. Therefore, §§4A1.1 and 4A1.2 must be read together. The following notes highlight the interaction of §§4A1.1 and 4A1.2.

**Application Notes:**

1.   **§4A1.1(a).** Three points are added for each prior sentence of imprisonment exceeding one year and one month. There is no limit to the number of points that may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a). The term "***sentence of imprisonment***" is defined at §4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, *see* §4A1.2(k).

    Certain prior sentences are not counted or are counted only under certain conditions:

        A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. *See* §4A1.2(e).

        A sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this subsection only if it resulted from an adult conviction. *See* §4A1.2(d).

        A sentence for a foreign conviction, a conviction that has been expunged, or an invalid conviction is not counted. *See* §4A1.2(h) and (j) and the Commentary to §4A1.2.

2.  **§4A1.1(b).** Two points are added for each prior sentence of imprisonment of at least sixty days not counted in §4A1.1(a). There is no limit to the number of points that may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a). The term "***sentence of imprisonment***" is defined at §4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, *see* §4A1.2(k).

    Certain prior sentences are not counted or are counted only under certain conditions:

    > A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. *See* §4A1.2(e).

    > An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense. *See* §4A1.2(d).

    > Sentences for certain specified non-felony offenses are never counted. *See* §4A1.2(c)(2).

    > A sentence for a foreign conviction or a tribal court conviction, an expunged conviction, or an invalid conviction is not counted. *See* §4A1.2(h), (i), (j), and the Commentary to §4A1.2.

    > A military sentence is counted only if imposed by a general or special court-martial. *See* §4A1.2(g).

3.  **§4A1.1(c).** One point is added for each prior sentence not counted under §4A1.1(a) or (b). A maximum of four points may be counted under this subsection. The term "***prior sentence***" is defined at §4A1.2(a).

    Certain prior sentences are not counted or are counted only under certain conditions:

    > A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. *See* §4A1.2(e).

    > An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commencement of the current offense. *See* §4A1.2(d).

    > Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. *See* §4A1.2(c)(1).

    > Sentences for certain specified non-felony offenses are never counted. *See* §4A1.2(c)(2).

    > A diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. *See* §4A1.2(f).

    > A sentence for a foreign conviction, a tribal court conviction, an expunged conviction, or an invalid conviction, is not counted. *See* §4A1.2(h), (i), (j), and the Commentary to §4A1.2.

    > A military sentence is counted only if imposed by a general or special court-martial. *See* §4A1.2(g).

4. ~~**§4A1.1(d).** Two points are added if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. *See* §4A1.2(n). For the purposes of this subsection, a "*criminal justice sentence*" means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. *See* §4A1.2(m).~~

~~5~~4. **§4A1.1(~~e~~d).** In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as a single sentence (*see* §4A1.2(a)(2)), one point is added under §4A1.1(~~e~~d) for each such sentence that did not result in any additional points under §4A1.1(a), (b), or (c). A total of up to 3 points may be added under §4A1.1(~~e~~d). For purposes of this guideline, "*crime of violence*" has the meaning given that term in §4B1.2(a). *See* §4A1.2(p).

   For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day and are treated as a single prior sentence. *See* §4A1.2(a)(2). If the defendant received a five-year sentence of imprisonment for one robbery and a four-year sentence of imprisonment for the other robbery (consecutively or concurrently), a total of 3 points is added under §4A1.1(a). An additional point is added under §4A1.1(~~e~~d) because the second sentence did not result in any additional point(s) (under §4A1.1(a), (b), or (c)). In contrast, if the defendant received a one-year sentence of imprisonment for one robbery and a nine-month consecutive sentence of imprisonment for the other robbery, a total of 3 points also is added under §4A1.1(a) (a one-year sentence of imprisonment and a consecutive nine-month sentence of imprisonment are treated as a combined one-year-nine-month sentence of imprisonment). But no additional point is added under §4A1.1(~~e~~d) because the sentence for the second robbery already resulted in an additional point under §4A1.1(a). Without the second sentence, the defendant would only have received two points under §4A1.1(b) for the one-year sentence of imprisonment.

5. **§4A1.1(e).** One point is added if the defendant (1) receives 7 or more points under §4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. *See* §4A1.2(n). For the purposes of this subsection, a "*criminal justice sentence*" means a sentence countable under §4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. *See* §4A1.2(m).

**Background:** Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional