TRULINCS 20049001 - GHERTLER, JONATHAN DAVID - Unit: BUF-V-B

----------------------------------------------------------------------------------------

FROM: 20049001
TO:
SUBJECT:
DATE: 06/08/2024 12:33:45 PM

June 9, 2024

The Honorable Edgardo Ramos, DJ
United States Courthouse
500 Pearl St.
New York, NY 10007

RE: Case No. 23-cr-100
    United States v. Ghertler

Your Honor,

In reply to the government's response in opposition to my request for "compassionate release" I offer the following:

1. Cancer is always "extraordinary and compelling." It is also not the only issue that was raised by the Defendant (Ghertler) in his request for Compassionate Release. Ghertler raised a myriad of issues and the Second Circuit and other Courts have found that separate issues as a whole meet the bar of "extraordinary and compelling" reasons to Grant a motion for compassionate release.

2. The law requires that a defendant submit a request to the Warden requesting Compassionate Release. Ghertler did so and attached that request as part of his letter motion. In doing so, Ghertler exhausted his administrative remedies.

3. This is the second time the Government has violated the laws of the United States by obtaining this defendant's medical records without a signed release. The government will complain that he did so from the same branch of government. Essex County Detention Center is not a branch of the Federal Government. Furthermore, the government's contentions in regards to this defendant's medical records seem to change and be in conflict with the doctors with each filing.
    It should be noted that if a Corrections Officer went over to medical and requested a prisoner's record he/she would be denied that access. AUSA Sowlati is not above the law and all prosecutors should be made to have a signed release prior to be given access to a prisoners records. HIPAA is a law for a reason. I pose no safety risk to the AUSA in this case as it pertains to my medical records. Staff at other institutions are now under Federal Investigation (see FPC Bryan) for releasing prisoners records without a release.
    First, the government claimed, very publicly and very costly to the defendant's personal relationships, that the defendant was not ill. He did this at sentencing and, still, in his filings after sentencing. Now the government erroneously claims that leukemia is not "extraordinary and compelling". Further, the government states that the cancer the defendant suffers is not all that bad. The defendant would remind the Court that the government claimed that medical staff at Essex County stated Ghertler's claim of having Leukemia was possibly false. Ghertler contends staff at Essex County never said that.
    Since the government has consistently made statements for anonymous medical staff always minimizing or denying the defendant's condition the defendant offers this solution: The government should obtain an affidavit from the staff member at Butner who made that statement specifically to the defendant's condition and not a broad statement about CLL in general. Ghertler asserts that the life expectency for CLL is five (5) to 10 (10) years. This information is readily available on the internet.
    It is simply not fair that the AUSA, in this case, has made so many false public statements about the defendant's health. This is the first instance that statements about the defendant's health have been redacted. The other statements, far more damaging, are still available online (both on the defendant's docket and articles).

4. The Defendant (Ghertler) has notified the Court that he is a participant in the Non-Residential Drug Abuse Program. Ghertler is very confused as to how the government believes this satisfies the Court's Order that Ghertler attend an inpatient drug program upon release. Is the government contending that Ghertler will be cured by attending a class that Ghertler will attend two hours once a week for fourteen (14) weeks? That is a total of twenty-eight (28) hours. Is the government really contending that a lifetime of addiction will be cured in twenty-eight (28) hours?
    The irony is that Ghertler admits he needs to go to inpatient rehab (which might be considered incarcerative) and the AUSA is stating that Ghertler will be cured after taking the Bureau of Prisons program for twenty-eight (28) hours.
    It should also be noted, and the Defendant respectfully asks the Court to take note of, that Ghertler does not have an FSA need for drug abuse for some reason, but signed up for the program voluntarily. This defendant knows he has a drug problem. He is dealing with it with the tools that are available.

TRULINCS 20049001 - GHERTLER, JONATHAN DAVID - Unit: BUF-V-B

----------------------------------------------------------------------------------------

The Court ORDERED Ghertler to attend an inpatient rehabilitation center. The government only refers to outpatient treatment which is only a component of treatment after inpatient care. Ghertler is not asking to be release to attend outpatient treatment he is asking for the reduction to attend a residential drug abuse program. It is a request to replace the last twenty-four months of his sentence with drug rehabilitation.

5. Although ignored by the government, being called "kike", "hebe", dirty Jew, baby killer and many others, might be called extraordinary in the tolerance and universality of the utterings. Worse, it is not limited to inmates.

6. As noted, Ghertler has shown initiative in post conviction attempts at rehabilitation. It is frustrating that the AUSA gathers dubious negative references from anonymous individuals but for some reason ignores Ghertler's unblemished and full institutional record and schedule as that is routinely requested by the government in filings like this.

The government's response is confusing. They include an exhibit of a Program Statement that has no relevance here as it does not pertain to the NonResidential Drug Abuse Program (NRDAP) that Ghertler is enrolled in. Perhaps the AUSA is confusing NRDAP with the Residential Drug Abuse Program (RDAP). He must because there is no Program Statement for NRDAP. For that reason, Ghertler respectfully asks the Court to not consider any of the government's arguments concerning Ghertler's participation in recovery because they are in error.

Ghertler also respectfully requests the Court to ignore the government's assertions, based on anonymous statements, as it pertains to his medical condition as the AUSA has previously made assertions that proved to be untrue. It seems odd that medical professionals make assertions about Ghertler that they rarely make about other patients.

Ghertler doesn't want to burden the court with a copy and paste type filing that rehashes previous filings. He simply asks the Court to take into account his age now and the age he would be once he finishes inpatient rehab and the outpatient portion of the same. Ghertler has never taken rehab or consequences seriously before. He admits that. For the first time, he takes life seriously. Sixty-eight (68) years old is simply too old to try to catch up to a wasted life. If given a chance at sixty-four (64), Ghertler has a chance. Ghertler accepts the fact that he must be punished and does not ask for immediate release as most prisoners do in these motions. He simply asks for a chance to have a chance.

Ghertler requests the Court review the three (3) previous letters as well as this one. Taken as a whole, he respectfully requests this Honorable Court to find that his reasons for requesting compassionate release do meet the bar of extraordinary and compelling reasons.

Should the Court find veracity in the government's quoting of unnamed medical personnel, Ghertler would respectfully request that the individual file an affidavit claiming that Ghertler will live beyond five (5) years despite his diagnosis with CLL.

Lastly, Ghertler corrects an additional error in law made by the government when it stated that at sentencing the Court accepted that the defendant has Leukemia, so the fact that Ghertler has it is not "extraordinary and compelling."
The United States Sentencing Guidelines is unequivocal at Section 1B1.13(e):

Foreseeablilty Of Extraordinary and Compelling Reasons

"For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for for a reduction under this policy statement."

For all of the foregoing, the defendant, Jonathan Ghertler, pro se, respectfully requests this Honorable Court to reduce his sentence by twenty-four (24) months for reasons of compassionate release and his quest for both criminal and drug abuse rehabilitation.

Respectfully Presented,

Jonathan Ghertler 20049-001
LSCI Butner
P.O. Box 999
Butner, NC 27509

TRULINCS 20049001 - GHERTLER, JONATHAN DAVID - Unit: BUF-V-B

----------------------------------------------------------------------------------------------------

FROM: 20049001
TO:
SUBJECT:
DATE: 06/09/2024 09:20:00 AM

CERTIFICATE OF SERVICE

    I, Jonathan Ghertler, pro se, do hereby certify that a true and correct copy of all of the foregoing was sent via US Mail, first class postage prepaid to AUSA Adam Sowlati of the US Attorneys Office, Southern District of New York on this 10th day of June 2024.

_____
Jonathan Ghertler, pro se



Name: Jonas Han Ghettes 70049-001
Number:
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509

⇔ 20049-001 ⇔
Clerk Of The Court
500 Pearl ST
United States Courthouse
NEW YORK, NY 10007
United States

RALEIGH NC 275
Research Triangle Region
10 JUN 2024 PM 3 L

USMS SDNY

2024 JUN 17 AM 9:25
SDNY PRO SE OFFICE
RECEIVED

Case No. 23-cr-100