UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

　　　-v.-

JONATHAN GHERTLER,

　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

23 Cr. 100 (ER)

　　　　WHEREAS, on or about June 30, 2023, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 20), which ordered the forfeiture to the United States of all right, title and interest of JONATHAN GHERTLER (the "Defendant") in the following property:

　　a. Black 2019 Mercedes Benz E Class with VIN WDD1K6JB5KF079365 (the "Mercedes");

　　b. $10,784.00 in United States currency seized from the Defendant on or about February 16, 2023, at the time of the Defendant's arrest (the "Seized Currency");

　　c. $3.62 in United States currency on deposit in Navy Federal Credit Union savings account 3170834067, held in the name of "Jonathan D. Ghertler" (the "Navy Account");

(a. through c., collectively, the "Specific Property");

　　　　WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written

notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Mercedes was posted on an official government internet site (www.forfeiture.gov) beginning on June 25, 2024 for thirty (30) consecutive days, through July 24, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on March 12, 2025 (D.E. 61);

WHEREAS, the Notice of Forfeiture and the intent of the Government to dispose of the Seized Currency was posted on an official government internet site (www.forfeiture.gov) beginning on July 31, 2024 for thirty (30) consecutive days, through August 29, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on March 12, 2025 (D.E. 62);

WHEREAS, the Notice of Forfeiture and the intent of the Government to dispose of the Navy Account was posted on an official government internet site (www.forfeiture.gov) beginning on October 8, 2024 for thirty (30) consecutive days, through November 7, 2024 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset

Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on March 12, 2025 (D.E. 63);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       March 12, 2025

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE